```
SUSAN M. WINCHESTER (Bar No. 187756)
sue@winchesterlawgroup.com
WINCHESTER LAW GROUP
9107 Wilshire Blvd, Suite 450, Beverly Hills, CA 90210
310-461-8591 Phone , 310-388-6080 Fax
Attorney for Plaintiff
NextEngine Ventures, LLC
```

FILED
2013 MAR 20  PM 4:49
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTENGINE VENTURES, LLC<br><br>Plaintiff,<br><br>v.<br><br>LASTAR, INC.<br>Doing Business As C2G<br>Formerly Known as Cables To Go<br><br>Defendant. | Case No: SACV13-463-DOC (JPRx)<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

Page 1

COMPLAINT

## NATURE OF THE ACTION

This action pertains to the domain name "gocables.com" (hereinafter the "**Domain Name**") which is Plaintiff's lawful property. This action is the result of Defendant's assertion of a meritless claim against Plaintiff's Domain Name in the administrative proceeding with the National Arbitration Forum (hereinafter the "**NAF**"). As such, Plaintiff seeks the following:

a. bar the transfer of the Domain Name to Defendant, Lastar, Inc., formerly known as Cables To Go and doing business as C2G;

b. declaratory relief to establish that Plaintiff is the rightful and lawful registrant of the Domain Name;

c. declaratory relief that Plaintiff's registration and use of the Domain Name does not constitute trademark infringement;

d. declaratory relief that Plaintiff's registration and use of the Domain Name does not constitute a violation of the Anti-cybersquatting Consumer Protection Act (hereinafter the "**ACPA**"), 15 U.S.C. sec 1125(d);

e. declaratory relief that Plaintiff's registration and use of the Domain Name does not constitute unfair competition; and

f. relief for Defendant's bad faith actions which constitute common law unfair competition.

## PARTIES

1. NextEngine Ventures, LLC (hereinafter "**NextEngine**"), is part of a global conglomerate of companies (hereinafter the "**Conglomerate**") that is privately held by a company called Bigfoot Ventures Ltd. (hereinafter "**Bigfoot Ventures**"), as used herein, references to Plaintiff include collectively, Next Engine, the Conglomerate and Bigfoot Ventures. Plaintiff has its corporate headquarters located in Hong Kong and has a California mailing address in Burbank,

California.

2. Upon information and belief, Defendant, Lastar, Inc. is doing business as C2G and Defendant is formerly known as Cables to Go. Defendant provides end to end connectivity solutions and conducts its corporate research and development operations at a facility located in Irvine California, known as the Orange County Development Center.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331. Plaintiff seeks a declaration pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. §§ 2201 and 2202 that its registration and use of the Domain Name is not unlawful under the ACPA, 15 U.S.C. § 1125 (d). Pendent jurisdiction exits over the state law claim.

4. Venue is proper in the Central District of California pursuant to the following:

    a. under 28 U.S.C. § 1391(b)(1), because Defendant is a corporation deemed to reside in the District under 28 U.S.C. § 1391(c);

    b. under 28 U.S.C. § 1391(2), because a substantial part of the property that is the subject of this action is situated in this District; and

    c. defendant voluntary submitted to this Court's jurisdiction when Defendant initiated an administrative proceeding and filed a complaint with the NAF concerning the Plaintiff's right to the Domain Name, pursuant to Rule 3(b)(xiii) and Rule 1 of the Internet Corporation for Assigned Names and Numbers (hereinafter "**ICANN**") Rules for Uniform Domain Name Dispute Resolution Policy (hereinafter the "**Rules**").

### Facts

5. As a venture capital firm, Plaintiff invests in a wide range of companies and businesses. For example, it has invested in businesses engaged in the production and distribution of feature-length movies, film schools, a global television network, English and Mandarin language schools, various high-tech companies, real estate, property development, electronics, technology and communications, just to name a few. One aspect of Plaintiff's operations and business model is incubating business concepts that it intends to develop into active, mature business entities. In connection therewith, part of Plaintiff's business practice involves purchasing domains for use in connection with its current and future venture capital operations and as eventual identifiers for its businesses. This is a good faith business practice of Plaintiff with no intention to wrongfully resell any domain name for a profit or to exercise any type of leverage or unfair advantage over another entity. Consistent with this business practice and policy, Plaintiff intends to use the Domain Name for a cable manufacturing business venture.

6. On October 4, 2010, Plaintiff purchased the Domain Name from a third party entity as part of a bona fide arms-length business transaction for a total transaction price of $90,000.

7. On January 18, 2013, Plaintiff was served with Defendant's complaint that it submitted to NAF pursuant to ICANN's Uniform Domain Name Dispute Resolution Policy (hereinafter "**ICANN Policy**" or "**Policy**") seeking to have the Domain Name transferred to Defendant. The matter was assigned the designated Claim Number FA13010014809. Defendant claimed that (a) Plaintiff's Domain Name is confusingly similar to Defendant's trademark "CABLES TO GO" (hereinafter, "**Defendant's Trademark**"), (b) Plaintiff does not have any rights or legitimate interest in the Domain Name, and (c) Plaintiff registered and used the Domain Name in bad faith.

COMPLAINT

8. On February 28, 2013, an NAF arbitrator wrongfully issued a decision directing the transfer of the "gocables.com" registration to Defendant.

9. On March 6, 2013, in accordance with ICANN Policy, NAF provided notice to Plaintiff, Defendant, ICANN and the registrar, Godaddy.com (hereinafter the "**Registrar**") that the Registrar would not implement the NAF arbitrator's decision if Plaintiff commenced a lawsuit against Defendant concerning registration of the Domain Name within a ten (10) business day period.

10. Plaintiff has neither offered to sell nor solicited a sale of the Domain Name to any third party, including Defendant, and has no plans to sell the Domain Name. Plaintiff's acquisition and registration of the Domain Name was not done to trade off of Defendant's Trademark or to favor any of Defendant's competitors. Rather, Plaintiff acquired and registered the Domain Name as part of its good faith business operations and Plaintiff intends to use the Domain Name in connection with a cable manufacturing business.

11. Defendant has never contacted Plaintiff concerning the Domain Name, for any purpose, beyond the underlying proceeding before NAF.

12. Defendant's activities are unlawful, unfair and fraudulent for many reasons, including, without limitation, the damage to Plaintiff's reputation, the resulting hardship and harm to Plaintiff's business operations, the forfeiture of Plaintiff's property without just compensation and Defendant's unjust enrichment at the Plaintiff's detriment.

### First Count

### Declaration Under Anti-cybersquatting Consumer Protection Act

13. Plaintiff realleges and incorporates all paragraphs of this Complain.

14. In registering the Domain Name, Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's Trade Mark.

COMPLAINT

15. In registering the Domain Name, Plaintiff did not have the intent as provided in 15 U.S.C. § 1125(d)(1)(B), to divert customers from Defendant's online location to a site accessible under the Domain Name that could harm the goodwill represented by Defendant's Trademark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site.

16. In acquiring and registering the Domain Name and at no time since acquisition and registration, has Plaintiff offered to transfer, sell, or otherwise assign the Domain Name to Plaintiff or any third party for financial gain without having used, or having an intent to use, the Domain Name, in the bona fide offering of any goods or services, nor is there prior conduct by Plaintiff indicating a pattern of such conduct.

17. In registering the Domain Name, Plaintiff, as provided in 15 U.S.C. § 1125(d)(1)(B), did not provide material and misleading false contact information when applying for registration of the Domain Name, has not intentionally failed to maintain accurate contact information, nor is there prior conduct by Plaintiff indicating a pattern of such conduct.

18. Plaintiff, as provided in 15 U.S.C. § 1125(d)(1)(B), has not registered or acquired multiple domain names that it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names without regard to the goods or services of the parties.

19. Plaintiff has not, as provided in 15 U.S.C. § 1125(d)(1)(A)(ii), registered, trafficked in, or used a domain name that at the time the Domain Name was registered was identical or confusingly similar to Defendant's Trademark.

20. Plaintiff believed and had reasonable grounds to believe that its registration

of the Domain Name was lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

## THIRD COUNT
### UNFAIR COMPETION – COMMON LAW

21. Plaintiff realleges all paragraphs of this Complaint
22. Defendant's actions are abusive and illegal and constitute unfair competition under common law
23. As a result of Defendant's past and continued wrongful acts that constitute unfair competition, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's meritless claims.

## FOURTH COUNT
### UNFAIR COMPETION – CALIFORNIA BUS & PROF. CODE

24. Plaintiff realleges all paragraphs of this Complaint
25. Defendant's actions are abusive and illegal and constitute unfair competition under Cal. Bus & Prof. Code § 17200, et seq.
26. As a result of Defendant's past and continued wrongful acts that constitute such unfair competition, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's meritless claims.

## FIFTH COUNT
### INJUNCTIVE RELIEF, 15 U.S.C. § 1114(2)(d)(v)

27. Plaintiff realleges all paragraphs of this Complaint.
28. 15 U.S.C. § 1114(2)(D)(v) provides that the court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.
29. As required by 15 U.S.C. § 1114(2)(D), Plaintiff has given notice to Defendant of its intent to file an action to establish that Plaintiff's registration and

COMPLAINT

use of the Domain Name is not unlawful under the ACPA.

30. Injunctive relief is appropriate in this action.

### SIXTH COUNT
### DECLARATORY JUDGMENT

31. Plaintiff realleges and incorporates all paragraphs of this complain.

32. A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to register and use the Domain Name. As a consequence of this dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment:

1. Declaring that the Registrar shall not transfer the registration for the Domain Name to the Defendant and the Plaintiff is not required to transfer the registration for the Domain Name to Defendant;
2. Declaring that Plaintiff is the rightful and lawful registrant of the Domain Name;
3. Declaring that Plaintiff's registration and use of the Domain Name does not constitute trademark infringement;
4. Declaring that Plaintiff's registration and use of the Domain Name does not constitute a violation of the ACPA;
5. Declaring that Plaintiff's registration and use of the Domain Name does not constitute unfair competition;
6. Declaration that the NAF decision was wrongfully issued, reversing the decision and ordering the NAF decision expunged;
7. a finding awarding Plaintiff monetary compensation for damages sustained by Defendant's wrongful actions as alleged in this Complaint.
8. An award of reasonable attorneys' fees and expenses and,

9. Such other further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: March 20, 2013

Winchester Law Group

*[signature]*

Susan M. Winchester
Attorney for Plaintiff