FILED
CLERK, U.S. DISTRICT COURT

9/25/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: ____RF____ DEPUTY

SUSAN M. WINCHESTER (187756)
WINCHESTER LAW GROUP
9107 Wilshire Blvd. Suite 450
Beverly Hills, CA 90210
Tel: 310-461-8591
Fax: 310-388-6080
Email: sue@winchesterlawgroup.com

CHARLES CARREON, ESQ. (127139)
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 520-843-2083
Email: chascarreon@gmail.com

Attorneys for Plaintiff NextEngine Ventures, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTENGINE VENTURES, LLC,<br><br>　　　　Plaintiffs,<br>　vs.<br>LASTAR, INC., C2G, FORMERLY KNOWN AS CABLESTOGO.COM, *in personam*, and GOCABLES.COM, *in rem*;<br><br>　　　　C2Gs. | Case No. 8:13−cv−00463−BRO−JPR<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF:**<br>**1.　CANCELLATION OF TRADEMARK**<br>**2.　REVERSE DOMAIN HIJACKING**<br>**3.　QUIET TITLE TO PERSONAL PROPERTY**<br>**4.　DECLARATORY RELIEF** |

　　　For its claims against all defendants, NextEngine Ventures, LLC ("Plaintiff") alleges as follows:

/ / /

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

1

# FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

## PARTIES

1. Plaintiff's corporate headquarters are in Hong Kong, and it maintains a California mailing address in Burbank, California.

2. Defendant Lastar, Inc., formerly known as Cables to Go, has been doing business as C2G ("C2G") since mid-2012. C2G provides end to end connectivity solutions and conducts its corporate research and development operations at a facility located in Irvine California, known as the Orange County Development Center.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331. Plaintiff seeks a declaration pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. §§ 2201 and 2202 that its registration and use of GOCABLES.COM is not unlawful under the ACPA, 15 U.S.C. § 1125 (d). Pendent jurisdiction exiSTS over the state law claims.

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(1), because C2G is a corporation deemed to reside in the District under 28 U.S.C. § 1391(c), and under 28 U.S.C. § 1391(2), because a substantial part of the property that is the subject of this action is situated in this District.

5. C2G voluntarily submitted to this Court's jurisdiction when C2G initiated an administrative proceeding and filed a complaint with the National Arbitration Forum ("NAF") to compel the transfer of GOCABLES.COM pursuant to compulsory arbitration under the Uniform Domain Name Dispute Resolution Policy (the "UDRP") required by

the standard .COM registration agreement imposed upon all .COM domain registrants by the Internet Corporation for Assigned Names and Numbers (hereinafter "ICANN").

6.   C2G delayed unreasonably in asserting the claims asserted in the UDRP, because those claims accrued in May 2002, as further alleged *infra*.

7.   As a venture capital firm, Plaintiff invests in a wide range of companies and businesses.  For example, it has invested in businesses engaged in the production and distribution of feature-length movies, film schools, a global television network, English and Mandarin language schools, various high-tech companies, real estate, property development, electronics, technology and communications, just to name a few. One aspect of Plaintiff's operations and business model is incubating business concepts that it intends to develop into active, mature business entities.  In connection therewith, part of Plaintiff's business practice involves purchasing domains for use in connection with its current and future venture capital operations and as eventual identifiers for its businesses. This is a good faith business practice of Plaintiff with no intention to wrongfully resell any domain name for a profit or to exercise any type of leverage or unfair advantage over another entity.  Consistent with this business practice and policy, Plaintiff intends to use GOCABLES.COM for a cable manufacturing business venture.

8.   On October 4, 2010, Plaintiff purchased GOCABLES.COM from a third party entity as part of a *bona fide* arms-length business transaction for a total transaction price of $90,000.

9.   On January 18, 2013, Plaintiff was served with C2G's UDRP complaint commencing Claim Number FA13010014809.  C2G's UDRP complaint asserted that (a)

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

3

GOCABLES.COM is confusingly similar to "CABLES TO GO" ("CABLES TO GO"), (b) Plaintiff has no rights or legitimate interest in GOCABLES.COM, and (c) Plaintiff registered and used GOCABLES.COM in bad faith.

10.     On February 28, 2013, a one-arbitrator NAF arbitration panel issued a decision directing the transfer of the GOCABLES.COM registration to C2G.

11.     On March 6, 2013, in accordance with ICANN Policy, NAF provided notice to Plaintiff, C2G, ICANN and the registrar, Godaddy.com (hereinafter the "Registrar") that the Registrar would not implement the NAF arbitrator's decision if Plaintiff commenced a lawsuit against C2G concerning registration of GOCABLES.COM within a ten (10) business day period.

12.     Plaintiff has neither offered to sell nor solicited a sale of GOCABLES.COM to any third party, including C2G, and has no plans to sell GOCABLES.COM.   Plaintiff's acquisition and registration of GOCABLES.COM was not done to trade off of C2G's CABLES TO GO mark, or to identify any of C2G's competitors.  Rather, Plaintiff acquired and registered GOCABLES.COM as part of its good faith business operations, in reliance upon the fact that C2G had never asserted any claims of bad faith registration against any prior owner of GOCABLES.COM.

13.     C2G never contacted Plaintiff concerning GOCABLES.COM, for any purpose, beyond the underlying proceeding before the NAF.

14.     C2G, however, had knowledge, no later than May 2002, that Global Manufacturing Solutions LLC ("Global"), a stranger to this dispute and a link in the chain of title that leads to Plaintiff, held the registration for GOCABLES.COM.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

4

15. C2G also knew that Global was operating a website on the Internet at GOCABLES.COM in May 2002, and that Global abandoned the website thereafter.

16. C2G knew, was on inquiry notice of, or in the exercise of reasonable diligence would have known that on May 26, 2010 through July 5, 2010, the registration to GOCABLES.COM had lapsed, and C2G could have registered it for $10; however, C2G slept on any rights that it might have had, and GOCABLES.COM was registered by the domain investor who sold it to Plaintiff.

17. By sleeping on what rights it might have had, C2G became the cause of the circumstance of which it now complains. It took no legal action to claim GOCABLES.COM from Global, and ignored the opportunity to register the name when it became available.

18. Plaintiff relied to its detriment upon C2G's eleven years of abandonment of all claims to the GOCABLES.COM, paying valuable consideration for the domain that it would not have otherwise paid, if C2G had asserted its claims against the prior registrants.

## FIRST CLAIM FOR RELIEF
### For Cancellation of Abandoned Trademark
### Against C2G

19. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

20. As above-alleged, in mid-2012, C2G declared that it was no longer using CABLES TO GO as its identifying mark, and had shifted to C2G.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
5

21. C2G submitted a trademark registration application for the C2G mark, Serial # 85312068 on May 4, 2012, alleging use in commerce since March 6, 2012. The subject registration application does not allege use of the C2G mark in tandem with the CABLES TO GO mark, nor does it allege simultaneous use of the two marks as a composite. The C2G mark was issued Registration # 4199521.

22. Registration # 3038794 for CABLES TO GO has been abandoned and therefore has lost all capacity as a source indicator for C2G's services.

23. Plaintiff is harmed by C2G's Trademark Registration # 3038794, in that the *prima facie* effect of such registration tends to impair Plaintiff's rights to use the mark in question.

24. In view of the above allegations, C2G is not entitled to continue registration of its alleged Trademark Registration # 3038794, in that the alleged mark does not function to identify C2G's services and distinguish them from those offered by others.

25. Alternatively, Plaintiff alleges that C2G's cessation of use of the CABLES TO GO mark has weakened the mark, such that Plaintiff's ownership of GOCABLES.COM cannot give rise to a likelihood of confusion with C2G's CABLES TO GO mark.

26. This is an exceptional case, for which an award of fees to Plaintiff is warranted under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### Reverse Domain Name Hijacking By Bad Faith UDRP
### Against C2G

27. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

28. Due to C2G's failure to assert any claims against prior registrants of GOCABLES.COM for the eight years from May 2002 until October 4, 2010, when Plaintiff bought the domain in good faith without knowledge of any prior claims, Plaintiff believed and had reasonable grounds to believe that Plaintiff's registration and planned

use of GOCABLES.COM was lawful. Wherefore, Plaintiff is entitled to claim the safe harbor of 15 U.S.C. § 1125(d)(B)(ii).

29. When C2G filed the UDRP, it had: (a) officially announced, in June 2012, that it had changed its name from CABLES TO GO to C2G, and (b) been sleeping on the rights it planned to assert in the UDRP for eleven years.

30. C2G knew that it had no valid claim for bad faith registration against Plaintiff, and initiated the UDRP in order to take advantage of the established bias of the NAF, whose panelists have ordered domains transferred to complainants 87% of the time during the twelve-year period from February 4, 2000 – July 4, 2012.[1]

31. C2G's bad faith UDRP bore fruit in the NAF Decision that ordered GOCABLES.COM transferred to C2G.

32. Notwithstanding the filing of this action, that should have preserved GOCABLES.COM as Plaintiff's registration pending the adjudication of this action, C2G has procured the transfer of the domain to C2G. Wherefore, C2G has acquired the registration to GOCABLES.COM by the wrongful act of filing a bad faith UDRP, and/or by mistake of the domain registrar.

33. Accordingly, having no remedy at law, Plaintiff invokes the equitable jurisdiction of the Court to order C2G to grant preliminary injunctive relief to preserve the domain name in constructive trust under Cal. Civil Code §§ 2223 and 2224 during the pendency of this action, and to transfer the domain to Plaintiff as final injunctive relief to restore the *status quo ante*.

34. Plaintiff is further entitled to a declaration that the UDRP was in bad faith, that the NAF Decision is void of legal effect, and that Plaintiff is entitled to recover its attorneys fees in this action pursuant to 15 U.S.C. § 1114(2)(d)(iv).

/ / /

/ / /

---

[1] http://www.dnattorney.com/NAFdomainnamedisputestudy2012.shtml

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

7

### THIRD CLAIM FOR RELIEF

**To Quiet Title to Personal Property (Cal. Code of Civil Procedure § 760.010, *et seq.*)**

**Against GOCABLES.COM, *in rem* and C2G**

35. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

36. *In rem* defendant GOCABLES.COM is an item of intangible personal property with its situs in Mountain View, California, the corporate office of Verisign, Inc., the registry for all .COM, .NET and .ORG domains.

37. Plaintiff's title to GOCABLES.COM is founded upon Plaintiff's *bona fide* purchase of the domain, in good faith and for valid consideration, without knowledge of any claims against the title of the seller of the domain.

38. The NAF Decision has cast a cloud upon Plaintiff's title to GOCABLES.COM, causing Plaintiff to lose possession and control thereof.

39. Wherefore, having no remedy at law, Plaintiff is entitled to issuance of an order clearing title of the domain of all clouds and establishing clear title in Plaintiff.

### FOURTH CLAIM FOR RELIEF

**Declaratory Relief Under 28 U.S.C. § 2201**

**Against C2G**

40. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

41. An actual dispute has arisen between the Plaintiffs on the one hand and C2G on the other, as fully alleged hereinabove and incorporated by reference.

42. The controversy is of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. § 2201

43. Plaintiff is unable to use, exploit, or convey its GOCABLES.COM domain until a judicial determination of the foregoing disputed issues is obtained.

44. Wherefore, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration of the rights and duties of the parties, supported by findings of fact and conclusions of law establishing that:

1. C2G has abandoned the use of CABLES TO GO;
2. C2G's Reg. # 3038794 should be cancelled and the claims in C2G's Counterclaim fail to state a claim for relief;
3. *Alternatively*, C2G's non-use of CABLES TO GO and its declared intent to abandon its use has so weakened the mark that it would be inequitable to enjoin Plaintiff from utilizing GOCABLES.COM in commerce;
4. The transfer of the registration of GOCABLES.COM to C2G was wrongful, and C2G should be compelled to turn over the domain to Plaintiff;
5. The NAF Decision casts an unwarranted cloud on Plaintiff's title to GOCABLES.COM that should be cleared by a decree establishing clear title in the name of Plaintiff;
6. Plaintiff is entitled to utilize GOCABLES.COM as a website for operation of a cable manufacturing business without legal interference by C2G;
7. C2G's counterclaims under 15 U.S.C. §§ 1125(a) and 1125(d)(1) for trademark infringement and cybersquatting are barred by laches; and,
8. C2G's counterclaims under 15 U.S.C. §§ 1125(a) and 1125(d)(1) for trademark infringement and cybersquatting are barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

1) ON THE FIRST CLAIM FOR RELIEF:

   For cancellation of Registration # 3038794;

   For attorneys fees pursuant to 15 U.S.C. § 1117(a);

2) ON THE SECOND CLAIM FOR RELIEF:

   For a finding that C2G engaged in reverse hijacking;

   For an order directing C2G to transfer GOCABLES.COM to Plaintiff;

   For a finding that this case is exceptional, meriting an award of attorney's fees to Plaintiff pursuant to 15 U.S.C. § 1114(2)(d)(iv);

3) ON THE THIRD CLAIM FOR RELIEF:

   For a decree quieting title to GOCABLES.COM in Plaintiff;

4) ON THE FOURTH CLAIM FOR RELIEF:

   For a declaration of the rights of the parties with respect to the ownership, registration, and lawful commercial use of GOCABLES.COM;

5) ON ALL CLAIMS FOR RELIEF:

   For costs and disbursements; and,

   For such other and further relief as the Court deems to be just and proper.

Dated:  September 24, 2013   WINCHESTER LAW GROUP

By: s/Sue Winchester
SUE WINCHESTER, ESQ. (CSB # 187756)
Attorney for Plaintiff NextEngine, Inc.

Dated:  September 24, 2013   CHARLES CARREON, ESQ.

By: digitally signed in original
CHARLES CARREON, ESQ. (CSB # 127139)
Attorney for Plaintiff NextEngine, Inc.

## PROOF OF SERVICE

I am a citizen of the United States with a business address of 2165 S. Avenida Planeta. I am over the age of 18 years, and not a party to the within action. I declare under the penalty of perjury under the laws of the United States, that, on the date subscribed below, I served the following document described as FIRST AMENDED COMPLAINT upon counsel for the defendant herein by sending true and correct copies of the same via email to its counsel of record herein at the email addresses listed below:

J. RANDOLPH HUSTON (SBN 40044)
**jrh@wwtwlaw.com**
WALKER, WRIGHT, TYLER & WARD
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071

David A. Shough
**dshough@das-law.com**
LAW OFFICE OF DAVID A. SHOUGH
853 Dayton Oxford Rd.
Carlisle, OH 45005

Signed at Tucson, Arizona on September 24, 2013

    digitally signed in original
_____
Charles Carreon