J. RANDOLPH HUSTON (SBN 40044)
jrh@wwtwlaw.com
WALKER, WRIGHT, TYLER & WARD
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel:  (213) 629-3571
Fax:  (213) 627-7795

David A. Shough
dshough@das-law.com
LAW OFFICE OF DAVID A. SHOUGH
853 Dayton Oxford Rd.
Carlisle, OH 45005
Tel: (937) 242-7325
Fax: (937) 242-6274

Attorneys for Defendant and Counterclaimant, LASTAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTENGINE VENTURES, LLC, | Case No. SACV-13-463-BRO (JPRx) |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| LASTAR, INC., | |
| Defendant. | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties have stipulated to and requested that the Court enter the following Protective Order.  The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties

1  further acknowledge, as set forth in Section 11, below, that this Stipulated Protective

2  Order creates no entitlement to file confidential information under seal; L.R. 79-5.1

3  sets forth the procedures that must be followed when a party seeks permission from

4  the court to file material under seal.

5  2.   <u>DEFINITIONS</u>

6       2.1   <u>Party</u>:  any party to this action, including all of its officers, directors,

7  employees, consultants, retained experts, and outside counsel (and their support staff).

8       2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless

9  of the medium or manner generated, stored, or maintained (including, among other

10  things, testimony, transcripts, or tangible things) that are produced or generated in

11  disclosures or responses to discovery in this matter.

12       2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how

13  generated, stored or maintained) or tangible things that qualify for protection under

14  standards developed under Fed.R.Civ.P. 26(c).

15       2.4   <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>:

16  extremely sensitive "Confidential Information or Items" whose disclosure to another

17  Party or non party would create a substantial risk of serious damage that could not be

18  avoided by less restrictive means.

19       2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

20  from a Producing Party.

21       2.6   <u>Producing Party</u>:  a Party or non party that produces Disclosure or

22  Discovery Material in this action.

23       2.7   <u>Designating Party</u>:  a Party or non party that designates information or

24  items that it produces in disclosures or in responses to discovery as "Confidential"or

25  "Highly Confidential - Attorneys' Eyes Only."

26       2.8   <u>Protected Material</u>:   any Disclosure or Discovery Material that is

27  designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

28  Outside Counsel:  attorneys who are not employees of a Party but who are retained to

STIPULATED PROTECTIVE ORDER

1   represent or advise a Party in this action.

2       2.9    House Counsel:  attorneys who are employees of a Party.

3   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

4   support staffs).

5       2.10   Expert:  a person with specialized knowledge or experience in a matter

6   pertinent to the litigation who has been retained by a Party or its counsel to serve as

7   an expert witness or as a consultant in this action and who, at the time of retention, is

8   not anticipated to become an employee of a Party or a competitor of a Party. This

9   definition includes a professional jury or trial consultant retained in connection with

10  this litigation.

11      2.11   Professional Vendors:  persons or entities that provide litigation support

12  services (e.g., photocopying; videotaping; translating; preparing exhibits or

13  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

14  their employees and subcontractors.

15  3.    SCOPE

16      The protections conferred by this Stipulation and Order cover not only

17  Protected Material (as defined above), but also any information copied or extracted

18  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

19  testimony, conversations, or presentations by parties or counsel to or in court or in

20  other settings that might reveal Protected Material.

21  4.    DURATION

22      Even after the termination of this litigation, the confidentiality obligations

23  imposed by this Order shall remain in effect until a Designating Party agrees

24  otherwise in writing or a court order otherwise directs.

25  5.    DESIGNATING PROTECTED MATERIAL

26      5.1    Exercise of Restraint and Care in Designating Material for Protection.

27  Each Party or non-party that designates information or items for protection under this

28  Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before or at the time of producing the specified documents,   the   Producing   Party   must   affix   the   appropriate   legend

1   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
2   ONLY") on each page that contains Protected Material.

3            (b)    for testimony given in deposition, that the Party or non-party
4   offering or sponsoring the testimony identify on the record, before the close of the
5   deposition, all protected testimony, and further specify any portions of the testimony
6   that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When
7   it is impractical to identify separately each portion of testimony that is entitled to
8   protection, and when it appears that substantial portions of the testimony may qualify
9   for protection, the Party or non-party that sponsors, offers, or gives the testimony may
10  invoke on the record (before the deposition is concluded) a right to have up to 20 days
11  after receipt of the transcript to identify the specific portions of the testimony as to
12  which protection is sought and to specify the level of protection being asserted
13  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
14  ONLY"). Only those portions of the testimony that are appropriately designated for
15  protection within the 20 days after receipt of the transcript shall be covered by the
16  provisions of this Stipulated Protective Order.

17           Transcript pages containing Protected Material must be separately bound by the
18  court reporter, who must affix to the top of each such page the legend
19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"
20  as instructed by the Party or nonparty offering or sponsoring the witness or presenting
21  the testimony.

22           (c)    for information produced in some form other than documentary,
23  and for any other tangible items, that the Producing Party affix in a prominent place
24  on the exterior of the container or containers in which the information or item is stored
25  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
26  EYES ONLY." If only portions of the information or item warrant protection, the
27  Producing Party, to the extent practicable, shall identify the protected portions,
28  specifying whether they qualify as "Confidential" or as "Highly Confidential -

1   Attorneys' Eyes Only."

2       5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

3   failure to designate qualified information or items as "Confidential" or "Highly

4   Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating

5   Party's right to secure protection under this Order for such material. If material is

6   appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes

7   Only" after the material was initially produced, the Receiving Party, on timely

8   notification of the designation, must make reasonable efforts to assure that the

9   material is treated in accordance with the provisions of this Order.

10  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

11      6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

12  Party's confidentiality designation is necessary to avoid foreseeable substantial

13  unfairness, unnecessary economic burdens, or a later significant disruption or delay

14  of the litigation, a Party does not waive its right to challenge a confidentiality

15  designation by electing not to mount a challenge promptly after the original

16  designation is disclosed.

17      6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

18  Designating Party's confidentiality designation must do so in good faith and must

19  begin the process by conferring directly (in voice-to-voice dialogue; other forms of

20  communication are not sufficient) with counsel for the Designating Party. In

21  conferring, the challenging Party must explain the basis for its belief that the

22  confidentiality designation was not proper and must give the Designating Party an

23  opportunity to review the designated material, to reconsider the circumstances, and,

24  if no change in designation is offered, to explain the basis for the chosen designation.

25  A challenging Party may proceed to the next stage of the challenge process only if it

26  has engaged in this meet and confer process first.

27      6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

28  confidentiality designation after considering the justification offered by the

STIPULATED PROTECTIVE ORDER

Designating Party may file and serve a motion in compliance with local rules , including Local Rule 37, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   ACCESS AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

1    (b)    one officer, director, or employee of the Receiving Party to whom

2 disclosure is reasonably necessary for this litigation and who has signed the

3 "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (c)    Experts (as defined in this Order) of the Receiving Party to whom

5 disclosure is reasonably necessary for this litigation and who have signed the

6 "Agreement to Be Bound by Protective Order" (Exhibit A);

7    (d)    the Court and its personnel;

8    (e)    court reporters, their staffs, and professional vendors to whom

9 disclosure is reasonably necessary for this litigation; and

10    (f)    the author of the document or the original source of the

11 information, or an employee or agent of the Producing Party.

12    7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

13 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

14 writing by the Designating Party, a Receiving Party may disclose any information or

15 item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only

16 to:

17    (a)    the Receiving Party's Outside Counsel of record in this action, as well as

18 employees of said Counsel to whom it is reasonably necessary to disclose the

19 information for this litigation;

20    (b)    Experts (as defined in this Order) to whom disclosure is reasonably

21 necessary for this litigation and who have signed the "Agreement to Be Bound by

22 Protective Order" (Exhibit A);

23    (c)    the Court and its personnel;

24    (d)    court reporters, their staffs, and professional vendors to whom disclosure

25 is reasonably necessary for this litigation; and

26    (e)    the author of the document or the original source of the information or

27 an employee or agent of the Producing Party who has access to the document or

28 information.

1    This section shall not be construed to prevent counsel for either party from

2    advising their client generally regarding the amount of damages likely to be at issue

3    in the action, or the volume of sales likely to be impacted by this action,

4    notwithstanding the fact that such advice may be based upon counsel's analysis of

5    financial or business documents designated ATTORNEYS' EYES ONLY. In no event,

6    however, shall counsel disclose the actual contents of any document labeled

7    ATTORNEYS' EYES ONLY in rendering such advice, either directly or indirectly.

8    8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

9         OTHER LITIGATION.

10   If a Receiving Party is served with a subpoena or an order issued in other

11   litigation that would compel disclosure of any information or items designated in this

12   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

13   ONLY," the Receiving Party must so notify the Designating Party, in writing

14   immediately and in no event more than three court days after receiving the subpoena

15   or order. Such notification must include a copy of the subpoena or court order.

16   The Receiving Party also must immediately inform in writing the Party who

17   caused the subpoena or order to issue in the other litigation that some or all the

18   material covered by the subpoena or order is the subject of this Protective Order. In

19   addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

20   promptly to the Party in the other action that caused the subpoena or order to issue.

21   The purpose of imposing these duties is to alert the interested parties to the

22   existence of this Protective Order and to afford the Designating Party in this case an

23   opportunity to try to protect its confidentiality interests in the court from which the

24   subpoena or order issued. The Designating Party shall bear the burdens and the

25   expenses of seeking protection in that court of its confidential material - and nothing

26   in these provisions should be construed as authorizing or encouraging a Receiving

27   Party in this action to disobey a lawful directive from another court.

28

9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    <u>INADVERTENT DISCLOSURE OF MATERIAL COVERED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK-PRODUCT PROTECTION ("SNAP BACK")</u>

Disclosure of material covered by the attorney-client privilege or work-product protection shall not operate as a waiver of privilege or protection if (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

If an inadvertent disclosure is made, the Producing Party must notify the Receiving Party of the inadvertent disclosure and the privilege or protection claimed. The Receiving Party must then promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified. The Receiving Party may promptly present the information to the court under seal pursuant to Local Rules 37 and 79-5 for a determination of the claim of privilege or protection. The Producing Party must preserve the information until the claim is resolved.

11.   <u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5.1.

12.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.   <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: <u>February 3, 2014</u>

_____
JEAN P. ROSENBLUTH
United States Magistrate Judge

STIPULATED:

DATED: Jan. 27, 2014          CHARLES CARREON, ESQ.

By:  <u>/S/</u>_____
          Charles Carreon

Attorneys for Plaintiff NextEngine Ventures, Inc.

DATED: Jan. 27, 2014          LAW OFFICE OF DAVID A. SHOUGH

By:  <u>/S/</u>_____
          David A. Shough

Attorneys for Defendant LASTAR, INC.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,  _____  [print  or  type  full  name],  of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of NextEngine

Ventures, LLC. v. Lastar, Inc. (Case No. SACV13-463-BRO (JPRx).  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and

I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER